Hand-Delivered

FILED
CHARLOTTE, NC

NOV 05 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

SYLVESTER M. SYLVAN, JR.,

Plaintiff,

v.

QUAIL RUN ON SHARON HOMEOWNERS ASSOCIATION, INC.;
CEDAR MANAGEMENT GROUP, LLC;
JIXIAN "JOYCE" MU a/k/a JOYCE MU and other aliases;
ROLANDO VELASQUEZ;
THOMAS J. THURMAN; and
THURMAN, WILSON, BOUTWELL & GALVIN, P.A.,

Defendants.

Civil Action No.: 3:25-CV-889-MOC

**COMPLAINT FOR VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (18 U.S.C. §§ 1961–1968), 42 U.S.C. § 1983, AND NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, WITH RELATED EQUITABLE RELIEF**

# I. INTRODUCTION

1. This is a civil action for damages and equitable relief arising from Defendants' coordinated and unlawful scheme to defraud homeowners within the Quail Run on Sharon community. Defendants, acting individually and collectively, engaged in the imposition of false assessments, the misappropriation and concealment of association funds, and the obstruction of record transparency—constituting a deliberate pattern of fraud and abuse of fiduciary authority. The acts alleged herein include mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), extortion (18 U.S.C. § 1951), obstruction of justice (18 U.S.C. § 1512(c)), and misprision of felony (18 U.S.C. § 4).

2. Plaintiff alleges that Defendants engaged in an ongoing pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c)–(d), and further violated Plaintiff's constitutional and statutory rights under 42 U.S.C. § 1983, the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq., and other applicable state and federal laws.

3. Beginning on or about February 2023 and continuing through the present, Defendants utilized the United States mails and interstate wire communications to circulate fabricated financial statements, coercive delinquency notices, identical legal threats, and falsified meeting records. These communications concealed material facts concerning surplus reserve funds, falsified budgets, and self-dealing transactions, all designed to extract money and property from Plaintiff and other homeowners under color of official HOA authority.

4. Plaintiff seeks compensatory and treble damages as authorized by law, including restitution of all funds unlawfully obtained, recovery for emotional distress, and reasonable attorneys' fees were permitted. Plaintiff further seeks equitable relief, including declaratory and injunctive orders, a full independent forensic accounting of all Defendants' financial activities, and an asset-preservation order preventing dissipation or transfer of funds pending final judgment.

# II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331** (federal question jurisdiction) and **18 U.S.C. § 1964(c)** (civil remedies for violations of the Racketeer Influenced

and Corrupt Organizations Act, "RICO"). Jurisdiction is further invoked under **42 U.S.C. § 1983 and § 1988** (civil rights violations and attorney's fees), as well as the Court's inherent authority to grant equitable relief.

6. This Court also has supplemental jurisdiction over the Plaintiff's state-law claims, including those arising under the **North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq.**, pursuant to **28 U.S.C. § 1367(a)**, as such claims form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in the **Western District of North Carolina, Charlotte Division**, pursuant to **28 U.S.C. § 1391(b)(1)–(2)**, because a substantial part of the acts, omissions, and transactions giving rise to this action occurred within this District, and all Defendants either reside in, transact business in, or maintain continuous and systematic contacts with this jurisdiction.

## III. PARTIES

7. **Plaintiff, Sylvester M. Sylvan, Jr.** ("Plaintiff"), is a resident homeowner within the Quail Run on Sharon community, located in Mecklenburg County, North Carolina. Plaintiff is a **disabled United States military veteran** who, at all relevant times, has complied with the community's governing covenants and restrictions. Plaintiff brings this action for injury to his **business, property, financial security, and emotional well-being**, arising directly from Defendants' unlawful conduct.

8. **Defendant Quail Run on Sharon Homeowners Association, Inc.** ("HOA") is a North Carolina nonprofit corporation organized under Chapter 55A of the North Carolina General Statutes. The HOA governs the Quail Run on Sharon subdivision, levies and collects assessments, manages reserve funds, and enforces community covenants. At all relevant times, the HOA acted through its Board of Directors, officers, and authorized agents, including its management company and legal counsel.

9. **Defendant Cedar Management Group, LLC** ("Cedar") is a limited liability company organized under the laws of North Carolina and serving as the HOA's management agent for financial, administrative, and operational matters, including billing, assessment collection, recordkeeping, and homeowner communications. Cedar exercised significant control over the

HOA's financial records and was a central participant in the fraudulent and deceptive practices alleged herein.

10. **Defendant Jixian "Joyce" Mu a/k/a Joyce Mu ("Mu")** is, or was at all relevant times, the President of the HOA. On information and belief, Mu simultaneously occupied multiple positions within the association—**President, Architectural Review Committee Chair, Welcome Committee member, HOA point of contact, and invoice approver**—concentrating substantial authority over the HOA's governance, expenditures, and communications. Mu personally authorized or ratified the unlawful acts alleged herein. *(See Pl.'s Ex. 1)*.

11. **Defendant Rolando Velasquez ("Velasquez")** is, or was at all relevant times, a representative and employee of Cedar who dealt directly with Plaintiff regarding assessments, record requests, and financial disclosures. Velasquez knowingly participated in the scheme to conceal records, deny audits, and enforce unlawful assessments.

12. **Defendant Thomas J. Thurman ("Thurman")** is an attorney licensed to practice in North Carolina who represented the HOA and/or Cedar. Thurman authored and disseminated coordinated cease-and-desist and demand letters directed at Plaintiff, employing legal process to intimidate and suppress Plaintiff's inquiries into HOA finances.

13. **Defendant Thurman, Wilson, Boutwell & Galvin, P.A. (the "Firm")** is a North Carolina professional association employing Defendant Thurman. The Firm issued correspondence on official letterhead to Plaintiff on behalf of both the HOA and Cedar, thereby furthering the unified enterprise's scheme to legitimize false financial representations and retaliate against protected homeowner activity.

14. At all relevant times, each Defendant acted as the **agent, servant, employee, partner, co-conspirator, and/or joint venture** of the others, within the course and scope of such relationships, and with the knowledge, consent, and ratification of all other Defendants. Collectively, Defendants constituted a continuing enterprise whose coordinated conduct caused the injuries alleged herein.

## IV. FACTUAL ALLEGATIONS

### A. False Assessment and Fabricated Justifications

15. Beginning in or about **December 2022** and continuing thereafter, Defendants devised and executed a **scheme to defraud Plaintiff** by imposing and collecting assessments under false pretenses. The alleged "special assessment" represented, in fact, **a transfer of the previous owner's outstanding debt** to Plaintiff, in violation **North Carolina General Statutes: N.C. Gen. Stat. § 75-1.1 — Unfair and Deceptive Trade Practices Act (UDTPA). Federal Statutes: 18 U.S.C. § 1341 — Mail Fraud (Predicate Act) 18 U.S.C. § 1962(c) — Racketeering.18 U.S.C. § 1962(d) — Racketeering Conspiracy.** Defendants' conduct further constituted **misprision of felony** under **18 U.S.C. § 4**, as each knowingly concealed the wrongful nature of the debt transfer. *(Pl.'s Ex. 2).*

16. On or about **February 2023**, Plaintiff received a second notice from Cedar styled as a *30-day demand letter* for payment. Upon inquiry, Cedar's representatives admitted the amount was for **a prior owner's balance** but threatened **lien, fines, and foreclosure** if not paid. When Plaintiff advised that he would contact his closing attorney, Cedar's agent replied, *"Lawyers just complicate things—we'll work with you if you need more time."* Despite acknowledging the debt pre-dated Plaintiff's ownership, Cedar maintained the threat. This coercive collection violated **North Carolina General Statutes: N.C. Gen. Stat. § 75-1.1 — Unfair and Deceptive Trade Practices Act (UDTPA). Federal Statutes: 18 U.S.C. § 1341 — Mail Fraud (Predicate Act) 18 U.S.C. § 1962(c) — Racketeering.18 U.S.C. § 1962(d) — Racketeering Conspiracy.** and **18 U.S.C. § 1951** (Extortion). *(Pl.'s Ex. 3).*

17. Defendants transmitted assessment notices and legal threats via **U.S. Mail** and **electronic portal communications**, constituting predicate acts of **Mail Fraud (18 U.S.C. § 1341)** and **Wire Fraud (18 U.S.C. § 1343)**. These acts were part of an enterprise-wide pattern of racketeering activity violating **N.C. Gen. Stat. § 75-1.1 — Unfair and Deceptive Trade Practices Act (UDTPA), Federal Statutes: 18 U.S.C. § 1341 — Mail Fraud (Predicate Act), 18 U.S.C. § 1343 — Wire Fraud (Predicate Act), 18 U.S.C. § 1962(c) — Racketeering, 18 U.S.C. § 1962(d) — Racketeering Conspiracy.** *(Pl.'s Ex. 3).*

18. Plaintiff made multiple lawful **records requests** for HOA minutes and accounting data, which were ignored until he filed a **Better Business Bureau complaint**. Cedar later provided altered minutes that omitted Attorney **Thurman's public justification** for the assessments and Plaintiff's objections that brought proceedings to a halt. The redacted minutes misrepresented

Thurman's role and excluded discussion of the fraudulent budget justification. These actions constitute **intentional suppression of material facts**, in violation of in violation of **N.C. Gen. Stat. § 75-1.1 — Unfair and Deceptive Trade Practices Act (UDTPA, Common Law Fraud, Civil Conspiracy, Breach of Fiduciary Duty, Breached duties of loyalty, care, and transparency owed to homeowners. Professional Misconduct: Violation rule 8.4(conduct involving dishonesty, fraud, deceit, or misrepresentation). Federal Statutes:18 U.S.C. § 1341 — Mail Fraud (Predicate Act) 18 U.S.C. § 1343 — Wire Fraud (Predicate Act), 18 U.S.C. § 1512(c)(1) — Obstruction of Justice (Predicate Act), 18 U.S.C. § 1962(c) — Racketeering, 18 U.S.C. § 1962(d) — Racketeering Conspiracy** *(Pl.'s Ex. 4–5).*

19. Despite operating under budget in 2023, the HOA **implemented an unjustified 5% dues increase** without financial necessity or member approval. This unexplained increase, paired with concealed surpluses, violated **fiduciary duties of care and loyalty** and constituted unfair and deceptive conduct under **N.C. Gen. Stat. § 75-1.1, Federal Statutes: 18 U.S.C. §1341— Mail Fraud (Predicate Act), 18 U.S.C. §1343— Wire Fraud (Predicate Act), 18 U.S.C. §1951— Extortion (Predicate Act) 18 U.S.C. §1503— Obstruction of Justice, 18 U.S.C. §1956 — Money Laundering (Predicate Act)** *(Pl.'s Ex. 6).*

20. In 2024, the HOA **bypassed member voting** and imposed an unlawful "Emergency Assessment," citing fabricated repair needs (sewer, meters, driveways). Vendor and utility correspondence proved no such emergencies existed. Duke Energy confirmed Plaintiff's **meter was utility-owned and fully functional**. Budgets reflected $50,000 allotted for plumbing, but only $23,000 spent. Plaintiff also visually inspected all three parts of the HOA parking lot and made a recording for Court proving that the claim was fabricated. The HOA further claimed $31,000 in assessment revenue for 2025, though **308 homeowners paying $3,000 each** yields approximately **$308,000**—revealing material falsification. These acts violated **N.C. Gen. Stat. § 75-1.1 — Unfair and Deceptive Trade Practices Act (UDTPA) Common Law, Civil Conspiracy, Breach of Fiduciary Duty, Federal Statutes: 18 U.S.C. § 1341 — Mail Fraud (Predicate Act): 18 U.S.C. § 1343 — Wire Fraud (Predicate Act), 18 U.S.C. § 1962(c) — Racketeering,18 U.S.C. § 1962(d) — Racketeering Conspiracy** *(Pl.'s Ex. 7–11).*

21. An insurance discrepancy further evidences fraud: the HOA published a cost of **$86,059**, while the insurer's invoice showed **$85,572**—a misrepresentation concealed until Plaintiff's

demand for proof. Cedar's refusal to provide the true invoice violated **N.C. Gen. Stat. § 75-1.1 Unfair and Deceptive Trade Practices Act (UDTPA) Federal Statutes: Wire Fraud, 18 U.S.C. § 1962(c) — Racketeering: Conducting an enterprise through a pattern of racketeering activity, 18 U.S.C. § 1962(d) — Racketeering Conspiracy** *(Pl.'s Ex. 11–12).*

22. Financial records reveal substantial **unaccounted-for funds**. In 2024, the HOA collected **$769,160.52**, expended only **$404,528.35**, and falsely reported reserves of **$156,000** instead of the accurate surplus of **$364,632.17**. These acts constitute **financial mismanagement, embezzlement, and concealment**, violating **N.C. Gen. Stat. § 75-1.1 — Unfair and Deceptive Trade Practices Act (UDTPA): Common Law Fraud, Civil Conspiracy, Breach of Fiduciary Duty. Federal Statutes:18 U.S.C. § 1343 — Wire Fraud (Predicate Act)18 U.S.C. § 1962(c) — Racketeering, 18 U.S.C. § 1962(d) — Racketeering Conspiracy, 18 U.S.C. § 1512(c) — Obstruction of Justice** (RICO). *(Pl.'s Ex. 9).*

**Factual Reinforcement:**

Plaintiff's analysis of internal documents further indicates the HOA operated at approximately **53% of actual financial capacity**, concealing revenue and inflating liabilities. This deliberate underreporting supports a finding of willful misrepresentation and fraud upon the homeowners' association.

## B. Record Obstruction, Website Purge, and Coordination

*23–25. (Consolidated and edited for clarity and flow)*

Defendants repeatedly denied Plaintiff's lawful access to records, deleted digital files following his review, and issued coordinated threat letters through Attorney Thurman's firm. These actions collectively violated **North Carolina Planned Community Act (Chapter 47F), North Carolina Nonprofit Corporation Act (Chapter 55A) Senate Bill 376 (2023–2024) N.C. Gen. Stat. § 47F-3-118 — HOA Recordkeeping Requirements. Gen. Stat. § 75-1.1 — Unfair and Deceptive Trade Practices Act (UDTPA): Common Law Fraud, Civil Conspiracy, Breach of Fiduciary Duty &Federal Statutes:18 U.S.C. § 1512(c)(1) — Obstruction of Justice (Predicate Act): 18 U.S.C. § 1341 — Mail Fraud (Predicate Act): 18 U.S.C. § 1343 — Wire Fraud (Predicate Act), 18 U.S.C. § 1962(c) —Racketeering, 18 U.S.C. § 1962(d) — Racketeering Conspiracy** *(Pl.'s Ex. 13–19).*

### C. Intimidation, Retaliation, and Police-Witnessed Irregularities

26–29.

Mu personally threatened Plaintiff at his residence; Cedar and Thurman continued coordinated intimidation, refusal of audits, and obstruction even in the presence of Plaintiff's VA social worker. These actions violated **N.C. Gen. Stat. § 47F-3-118 — HOA Recordkeeping Requirements § 75-1.1 — Unfair and Deceptive Trade Practices Act (UDTPA) Common Law Fraud, Civil Conspiracy, Breach of Fiduciary Duty, Professional Misconduct Federal Statutes: 18 U.S.C. § 1512(c)(1) — Obstruction of Justice (Predicate Act), 18 U.S.C. § 1962(c) — Racketeering, 1341 — Mail Fraud (Predicate Act) 18 U.S.C. § 1343 — Wire Fraud (Predicate Act)18 U.S.C. § 1962(c) — Racketeering, 18 U.S.C. § 18 U.S.C. § 1962(d) — Racketeering Conspiracy, 18 U.S.C. § 1512(b)(3) — Witness Tampering (Predicate Act)** *(Pl.'s Ex. 20–25).*

### D. Asset Concealment by Mu (Aliases and Transfers)

30. Public property records revealed that Mu owned approximately **thirty (30) properties**. Following the intimidation incident, she **transferred or concealed ownership interests**, including a valuation reduction of her primary residence from **$936,600 to $673,900**, and removal of her name from searchable databases. These acts constitute **concealment of assets** and **misprision of felony**, in violation of **18 U.S.C. § 4**. *(Pl.'s Ex. 26–28).*

### E. False "City-Mandated Trash Program" Representation

31. Defendants, acting jointly, circulated letters and emails asserting that the **City of Charlotte mandated a trash-collection program** requiring new homeowner fees. Upon inquiry, the City confirmed **no such program exists**. This misrepresentation was a knowing falsehood intended to extort payments from homeowners, in violation of **N.C. Gen. Stat. § 75-1.1 — Unfair and Deceptive Trade Practices Act (UDTPA) Common Law Fraud, Civil Conspiracy, Breach of Fiduciary Duty, Professional Misconduct Federal Statutes:18 U.S.C. § 1341 — Mail Fraud (Predicate Act) 18 U.S.C. § 1343 — Wire Fraud (Predicate Act)18**

U.S.C. § 1962(c) — Racketeering, 18 U.S.C. § 1962(d) — Racketeering Conspiracy, 18 U.S.C. §1951— Extortion (Predicate Act). *(Pl.'s Ex. 29–30).*

### F. Injury

32. As a direct and proximate result of Defendants' conduct, Plaintiff suffered **injury to business, property, and emotional well-being**, including:

- (a) wrongful assessment and coerced payments;
- (b) lien and foreclosure threats;
- (c) damage to credit and property title;
- (d) financial loss and time expended to obtain records; and
- (e) Emotional distress, anxiety, and medical hardship. *(See Pl.'s Ex. 20.)*

### G. The Enterprise

33. The **HOA, Cedar, Mu, Velasquez, Thurman, and the Firm** collectively constitute an **association-in-fact enterprise** within the meaning of **18 U.S.C. § 1961(4)**, possessing a common unlawful purpose, defined structure, and continuity sufficient to establish liability under **RICO**. Each Defendant conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity.

## V. CAUSES OF ACTION

### COUNT I – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) – 18 U.S.C. § 1962(c)

34. Plaintiff realleges and incorporates by reference paragraphs **1 through 38** as if fully set forth herein.

35. Each Defendant is a "**person**" within the meaning of **18 U.S.C. § 1961(3)** who conducted or participated, directly or indirectly, in the conduct of an "**enterprise**" through a pattern of racketeering activity in violation of **18 U.S.C. § 1962(c)**.

36. The enterprise consisted of the **HOA, Cedar Management Group, LLC, Jixian "Joyce" Mu, Rolando Velasquez, Thomas J. Thurman, and the law firm Thurman, Wilson, Boutwell & Galvin, P.A.**, operating as an **association-in-fact enterprise** within the meaning of **18 U.S.C. § 1961(4)**, with a shared and continuing purpose to defraud Plaintiff and other homeowners, conceal misappropriated funds, and retaliate against those seeking transparency.

37. The pattern of racketeering activity includes **multiple and continuous predicate acts**, including but not limited to:

- **Mail Fraud** (18 U.S.C. § 1341);
- **Wire Fraud** (18 U.S.C. § 1343);
- **Extortion** (18 U.S.C. § 1951);
- **Obstruction of Justice** (18 U.S.C. § 1512(c)); and
- **Concealment of Felony (Misprision)** (18 U.S.C. § 4).

38. These acts were related, continuous, and posed a threat of ongoing criminal conduct, thereby satisfying the continuity and relationship requirements of RICO under **H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989)**.

39. As a direct and proximate result of Defendants' violations of **18 U.S.C. § 1962(c)**, Plaintiff has sustained **injury to business and property**, including wrongful assessments, loss of funds, credit impairment, and emotional distress.

40. Pursuant to **18 U.S.C. § 1964(c)**, Plaintiff is entitled to **treble damages, costs of suit**, and **reasonable attorney's fees**.

## COUNT II – RICO CONSPIRACY (18 U.S.C. § 1962(d))

41. Plaintiff realleges and incorporates by reference paragraphs **1 through 43** as though fully set forth herein.

42. Defendants knowingly and willfully conspired to violate **18 U.S.C. § 1962(c)**, agreeing to participate in and facilitate the affairs of the enterprise through the commission of predicate acts including mail fraud, wire fraud, extortion, obstruction, and concealment.

43. Each Defendant committed one or more overt acts in furtherance of this conspiracy, including fabricating financial records, transmitting false notices, intimidating Plaintiff, and destroying or concealing records.

44. Plaintiff suffered injury to business and property as a direct and foreseeable result of Defendants' concerted actions, and therefore seeks **treble damages, injunctive relief, and attorneys' fees** under **18 U.S.C. § 1964(c)**.

## COUNT III – VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

45. Plaintiff realleges and incorporates by reference paragraphs **1 through 46** as though fully set forth herein.

46. By exercising **state-delegated lien, fine, and foreclosure powers**, Defendants acted **under color of state law** within the meaning of **42 U.S.C. § 1983**.

47. Defendants, acting jointly and under color of such authority, **deprived Plaintiff of rights secured by the Constitution and laws of the United States**, including:

- The **right to due process** under the Fourteenth Amendment by imposing and enforcing fraudulent assessments without lawful notice or opportunity to be heard;
- The **right to equal protection** under the Fourteenth Amendment by selectively targeting and retaliating against Plaintiff for seeking records and transparency; and
- The **right to petition and association** protected by the First Amendment, through threats and coercion intended to silence Plaintiff's lawful inquiries.

48. As a proximate result of these violations, Plaintiff suffered financial, reputational, and emotional harm.

49. Plaintiff seeks **compensatory, emotional-distress, and punitive damages**, as well as **reasonable attorney's fees and costs** under **42 U.S.C. § 1988**.

## COUNT IV – NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT (N.C. GEN. STAT. § 75-1.1 et seq.)

50. Plaintiff realleges and incorporates by reference paragraphs **1 through 50** as though fully set forth herein.

51. Defendants, in the course of trade or commerce, **misrepresented financial conditions**, **concealed material surpluses, issued false delinquency and assessment notices**, and **fabricated a false "city-mandated trash program,"** all of which constitute **unfair and deceptive acts or practices** within the meaning of **N.C. Gen. Stat. § 75-1.1**.

52. These acts were calculated to deceive homeowners, enrich Defendants, and were immoral, unscrupulous, and oppressive in violation of North Carolina public policy.

53. As a direct and proximate result, Plaintiff suffered **ascertainable losses** of money and property, emotional distress, and related harm.

54. Pursuant to **N.C. Gen. Stat. §§ 75-16 and 75-16.1**, Plaintiff is entitled to **treble damages**, **costs**, and **attorney's fees**.

## COUNT V – MISPRISION OF FELONY (18 U.S.C. § 4)

55. Plaintiff realleges and incorporates by reference paragraphs **1 through 51** as though fully set forth herein.

56. Defendants **Thomas J. Thurman, Thurman, Wilson, Boutwell & Galvin, P.A., Jixian "Joyce" Mu, Cedar** and **Rolando Velasquez** each had **direct and contemporaneous knowledge** of multiple federal felonies, including:

- **Mail Fraud (18 U.S.C. § 1341);**
- **Wire Fraud (18 U.S.C. § 1343);**
- **Obstruction of Justice (18 U.S.C. § 1512(c)(1)); and**
- **Racketeering (18 U.S.C. § 1962(c)).**

57. Despite this knowledge, each Defendant **willfully concealed** these crimes by affirmative acts:

- Thurman issued coordinated cease-and-desist threats to suppress discovery of fraud;
- Mu deleted records and removed digital signatures from financial portals; and

- Velasquez denied audit access and produced falsified documents.

58. These acts of concealment enabled the continued **racketeering enterprise**, perpetuated harm upon Plaintiff, and violated **18 U.S.C. § 4** (misprision of felony).

59. Defendants' willful concealment also constituted **a pattern of systemic oppression**. As a **disabled U.S. military veteran**, Plaintiff experienced these actions as targeted retaliation and psychological coercion, triggering **severe anxiety, insomnia, and emotional destabilization**. Defendants knew or should have known that such conduct would disproportionately harm Plaintiff and reflected **reckless disregard for his mental and emotional well-being**.

60. Plaintiff seeks **declaratory, equitable, compensatory, and consequential relief**, including a judicial finding that Defendants' concealment constitutes part of the continuing **civil RICO pattern** alleged herein.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against all Defendants, jointly and severally, and award relief for all claims stated herein, including but not limited to:

A. Compensatory damages in an amount to be proven at trial for all financial losses, including (i) amounts wrongfully demanded or collected through false assessments, (ii) amounts Plaintiff was forced to pay on the previous owner's balance at closing (approximately $2,600) and on later unlawful demands (approximately $1,700), and (iii) consequential losses flowing from Defendants' conduct;

B. Treble damages under 18 U.S.C. § 1964(c) and/or N.C. Gen. Stat. § 75-16 for Defendants' willful and knowing unfair and deceptive trade practices;

C. Declaratory relief declaring that the 2023–2025 increases, emergency/special assessments, prior-owner debt transfers, and related collection practices were unlawful, ultra vires, and void;

D. Injunctive relief enjoining Defendants from (i) issuing or collecting further unlawful assessments, fees, fines, or foreclosure threats based on false financials; (ii) retaliating against Plaintiff for exercising statutory inspection and complaint rights; and (iii) destroying, altering, or withholding association records;

E. An order freezing, preserving, or otherwise restraining Defendants' assets sufficient to secure restitution, treble-damage recovery, and any later asset-freeze relief relating to alleged concealment or fraudulent transfers;

F. An order directing a full, independent forensic accounting and audit of the financial records of all Defendants (the HOA, Cedar, Mu, Velasquez, Thurman, and the Firm) for the relevant years, at Defendants' expense, including production of bank statements, ledgers, contracts, insurer invoices, vendor communications, and website/portal logs;

G. Appointment of a neutral receiver over HOA financial operations, if the Court finds it necessary to protect association assets, restore lawful governance, and prevent further spoliation or concealment;

H. Disqualification of conflicted counsel from representing multiple adverse defendants in this matter, to preserve the integrity of the proceedings;

I. Costs of suit and reasonable attorneys' fees under all applicable statutes, including 18 U.S.C. § 1964(c), 42 U.S.C. § 1988, and N.C. Gen. Stat. § 75-16.1;

J. Restitution and/or refund relief consistent with North Carolina HOA and nonprofit law requiring that excess, unlawfully collected, or improperly assessed funds be credited or returned to the owners and, specifically, that Plaintiff receive a full refund of all sums paid on debts that did not lawfully belong to him;

K. Such other and further legal and equitable relief as the Court deems just and proper.

VII. JURY DEMAND

53. Plaintiff respectfully demands trial by jury on all issues and claims so triable as a matter of right under Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

VIII. SURVIVABILITY

54. The causes of action and claims asserted herein shall survive the death, incapacity, or substitution of any party pursuant to Federal Rule of Civil Procedure 25(a) and North Carolina General Statutes Chapter 28A, including all rights of action for damages, equitable relief, and attorney's fees. Any successor, estate, or legal representative of a deceased or incapacitated party

shall be deemed substituted as a proper party under the governing procedural rules without abatement of these proceedings.

IX. NOTICE REGARDING APPOINTMENT OF COUNSEL

55. **Plaintiff, a disabled United States military veteran,** is presently proceeding *pro se* in this complex civil matter involving claims under the **Racketeer Influenced and Corrupt Organizations Act (RICO), 42 U.S.C. § 1983,** and related state-law causes of action.

Plaintiff hereby gives formal **notice of his intent to file a separate Motion for Appointment of Counsel and/or for Reasonable Accommodations under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.,** contemporaneously with or immediately following this pleading.

In support of such motion, Plaintiff will cite judicial authorities recognizing that appointment of counsel may be warranted in **complex civil-rights and RICO proceedings** involving substantial factual records, intricate statutory interpretation, and issues of access to justice for disabled litigants. Plaintiff further asserts that such appointment—or, in the alternative, reasonable procedural accommodations—will ensure compliance with **42 U.S.C. § 12131 et seq.** and **Fed. R. Civ. P. 17(c),** safeguarding his right to meaningful participation in the litigation process.

X. VERIFICATION / UNSWORN DECLARATION

I, **Sylvester M. Sylvan, Jr.**, declare under penalty of perjury under the laws of the United States of America, pursuant to **28 U.S.C. § 1746,** that the foregoing Complaint and all factual allegations made upon my personal knowledge are true and correct to the best of my knowledge, information, and belief; and that all allegations made upon information and belief are so stated and believed to be true based upon the records, documents, and communications referenced herein.

Executed on this _5_ day of _November_, 2025, at **Charlotte, North Carolina.**

**Sylvester M. Sylvan, Jr.**
*Plaintiff*

*[signature]*
**SIGNATURE BLOCK**

**Respectfully submitted,**

**Sylvester M. Sylvan, Jr.**
7969 Shady Oak Trail
Charlotte, NC 28210
(202) 486-4138
Sylvestersylvan@yahoo.com
*Plaintiff, pro se*