UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-889-MOC-DCK

| | |
|---|---|
| SYLVESTER M. SYLVAN, JR., pro se, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| QUAIL RUN ON SHARON HOMEOWNERS ) | |
| ASSOCIATION, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se Motion for Default Judgment as to Defendants attorney Thomas J. Thurman and the law firm of Thurman, Wilson, Boutwell & Galvin, P.A., who have not appeared to defend this action. (Doc. No. 22).

Because Plaintiff has not yet filed a motion for entry of default with the Clerk of Court, the pending motion for default judgment is premature. See FED. R. CIV. P. 55; State Farm Mut. Auto. Ins. Co. v. Nelson, No. 3:13-CV-181, 2014 WL 12707542, at *1 (N.D. W. Va. Feb. 28, 2014) ("Because compliance with Rule 55(a) is a prerequisite for an entry of judgment under Rule 55(b)(1) or (2), this motion is not on the proper procedural footing.") (internal quotation marks omitted).

The Court instructs the Clerk to enter default against Defendants Thomas J. Thurman and the law firm of Thurman, Wilson, Boutwell & Galvin, P.A. Once the Clerk enters the default, Plaintiff may then file a motion for default judgment with the Court as to these Defendants.

**ORDER**

-1-

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Default Judgment (Doc. No. 22) is construed as a motion for entry of default, and the Court instructs the Clerk to grant the motion.

Signed: December 22, 2025

Max O. Cogburn Jr.
United States District Judge