

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

**CASE NO. 3:25-CV-00889-MOC-DCK**

FILED
CHARLOTTE, NC

JAN 0 7 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

SYLVESTER M. SYLVAN, JR.,

Plaintiff,

v.

QUAIL RUN ON SHARON HOMEOWNER'S ASSOCIATION, INC.;

CEDAR MANAGEMENT GROUP, LLC;

JIXIAN "JOYCE" MU a/k/a JOYCE MU;

ROLANDO VELASQUEZ;

THOMAS J. THURMAN; and

THURMAN, WILSON, BOUTWELL & GALVIN, P.A.,

Defendants.

MOTION TO VACATE ORDER GRANTING EXTENSION OF TIME

    Plaintiff Sylvester M. Sylvan, Jr., appearing pro se, respectfully moves this Court to VACATE its Order granting Defendants Thomas J. Thurman and Thurman, Wilson, Boutwell & Galvin, P.A. ("Thurman Defendants") an extension of time to respond to the Complaint. In support thereof, Plaintiff states as follows:

## I. FAILURE TO TIMELY FILE AND MISREPRESENTATION OF DEADLINE

The Thurman Defendants' response deadline was December 11, 2025, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i). They did not file their Motion for Extension of Time until December 22, 2025—eleven (11) days after the deadline had already expired.

Despite this, the Thurman Defendants incorrectly represented to the Court that their "allotted time… has not yet expired." This statement was factually false and materially misleading. Their motion was untimely as a matter of law.

## II. RULE 6(b)(1)(B) REQUIRED FINDINGS WERE NOT MADE

Because the motion was filed after the deadline expired, Rule 6(b)(1)(B) governs. Under this rule, the Court may extend time only upon a showing of both (1) good cause and (2) excusable neglect. These findings are mandatory, not discretionary and the Thruman Defendants have failed to show both. The Court's Order granting the extension did not make the required findings under Rule 6(b)(1)(B). The absence of these findings constitutes a clear error warranting vacatur. The Order is therefore, vulnerable to appellate review because it does not address the mandatory excusable-neglect requirement which was not provided.

## III. DEFENDANTS PROVIDED NO EVIDENCE OF EXCUSABLE NEGLECT

The Thurman Defendants provided no evidence whatsoever of excusable neglect. They submitted no sworn declaration, no factual explanation, no supporting documents, and no acknowledgment that the deadline had expired .A simple request for more time doesn't satisfy Rule 6(b). Courts have consistently hold that ordinary professional obligations—such as workload, scheduling conflicts, or document review all which the Thurman Defendants have cited do not constitute excusable neglect.

## IV. "SUPER LAWYER'S" CLAIM UNDERCUTS THEIR POSITION

The Thurman Defendants publicly market themselves as "Super Lawyers" and highly experienced litigators with over 30 years of experience according to their website. Responding to a Complaint in the time allotted is a mundane task squarely within their professional purview. Their failure to meet a clear deadline of DECEMBER 11 then State their allotted time did not expire is inconsistent and reflects disregard for the Federal Rules and lack of Candor towards this Tribunal.

## V. PREJUDICE TO PLAINTIFF

Granting the extension retroactively prejudices Plaintiff by extinguishing the Rule 55(a) default window that had already opened when Defendants failed to respond by December 11, 2025. The Delay itself constitutes prejudice, especially when the delay was avoidable and unexplained. As a pro se litigant, Plaintiff is significantly burdened by shifting deadlines and late filings, which require additional time and effort to address. The Thurman Defendants' misrepresentation of the deadline prevented the Court from applying the correct Rule 6(b)(1)(B) standard, further prejudicing Plaintiff.

## VI. THE EXTENSION REQUEST IS OPPORTUNISTIC AND FILED ONLY AFTER PLAINTIFF SOUGHT DEFAULT AND IDENTIFIED MULTIPLE RICO PREDICATE ACTS

The Thurman Defendants' Motion for Extension of Time was not filed until after Plaintiff moved for default and highlighted numerous predicate acts supporting liability under the Racketeer Influenced and Corrupt Organizations Act (RICO), including mail fraud, wire fraud, obstruction of justice, extortion, along with misprision of felony showing their complicity. The timing of their request is not coincidental but opportunistic. Rather than complying with the Federal Rules or timely responding to the Complaint, the Thurman Defendants waited until Plaintiff exercised his right to seek default under Rule 55(a) and presented detailed allegations of

coordinated racketeering activity. Only after the legal consequences of their inaction became imminent, did they attempt to revive their expired deadline.

This sequence demonstrates that the Motion for Extension was not filed in good faith, but as a reactive attempt to avoid the consequences of their own misconduct and to shield themselves from the serious allegations raised in my filings. Rule 6(b)(1)(B) does not permit parties to ignore deadlines and then seek relief only when default becomes likely. Courts routinely reject strategic, after the fact attempts to escape the procedural consequences of deliberate inaction.

The opportunistic timing of the motion further underscores the absence of excusable neglect and reinforces the prejudice to Plaintiff, who had already invoked the default process and identified substantial predicate acts supporting RICO liability.

VII. Bad Faith

The Thurman Defendants' Motion to Dismiss must also be viewed in light of their earlier litigation conduct, they have shown a pattern of reactive, inconsistent, and strategically timed behavior. Their Rule 12 Motion is premised on the assertion that Plaintiff's claims are "extrapolated," "unsupported," or "implausible," yet they ignore Plaintiffs exhibit that contradict them while their own filings demonstrate a lack of candor and a disregard for procedural obligations. The Thurman Defendants' response deadline expired on December 11, 2025. They didn't seek an extension until December 22 which is eleven days after the deadline had already lapsed. Despite this, they represented to the Court that their "allotted time… has not yet expired." This statement was factually incorrect. Their motion was late, yet it was presented as though the deadline remained open. This misrepresentation concealed from the Court that Rule 6(b)(1)(B), not Rule 6(b)(1)(A), governed their request and that a showing of **excusable neglect** was required.

The Thurman Defendants offered no sworn declaration, no factual explanation, and no evidence of excusable neglect. Instead, they cited general workload, document review, and insurance related considerations which mundane obligations that do not explain an

eleven-day lapse. Their request for more time was filed only after Plaintiff moved for default and identified multiple predicate acts supporting RICO liability. The timing was not coincidental. It was reactive. Only when the consequences of their inaction became imminent did they attempt to revive their expired deadline. This **pattern mirrors the conduct described in the Complaint**. Plaintiff alleged that the Thurman Defendants intercepted a statutory record request addressed to the Board, misrepresented Plaintiff's rights under North Carolina law, denied access to documents the Association was required to produce, and acted on behalf of multiple actors to conceal financial information. The June emails exchanges demonstrate that Plaintiff put the Thurman Defendants on explicit notice and attempted to resolve the matter informally, sought mediation, and warned that continued obstruction would require legal action. The Thurman Defendants ignored this notice and continued to block access to required records yet they filed a motion to dismiss stating it was a single document that was sent ignoring Plaintiffs exhibit and misrepresenting to the court that there was an ongoing dialogue.

Their litigation conduct follows the same trajectory; delay, denial, and reactive filings only after Plaintiff invoked formal remedies. The misrepresentation of their response deadline, the absence of any evidence of excusable neglect, and the timing of their filings collectively demonstrate that their Motion to Dismiss is not grounded in procedural diligence or good-faith engagement with the allegations. Rather, it is part of a broader pattern of obstruction and strategic delay consistent with the conduct described in the Complaint. The Thurman Defendants motion to dismiss, missing the deadline and asking for an extension should not be overlooked.

**VIII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. VACATE its Order granting the Thurman Defendants an extension of time;

2. Reinstate the original response deadline of December 11, 2025;

3. Enter default or such other relief as the Court deems just and proper.

4. An order requiring the Thurman defendants to file a sworn declaration identifying

A. The specific allegations or claims in the complaint that purportedly required additional time to evaluate

B. The date of which defendants began reviewing the complaint.

C. The date of which the defendants tendered the matter to any insurer.

D. The identity of the insurers contacted.

G. The specific previously scheduled professional and personal commitments that allegedly prevented timely compliance.

5. An **adverse interference** that defendants did not tender the claim to an insurer, did not begin reviewing the complaint in a timely manner, and did not have legitimate scheduling conflicts, should defendant fail to provide the sworn declaration ordered by the court

6. Grant any further relief that the court deems proper.

Respectfully submitted this 7th day of January, 2026.

Plaintiff hereby certifies that artificial intelligence tools were used solely for drafting assistance, research, organization, and editing in the preparation of this filing. All factual

statements, legal arguments, citations, and representations contained herein were reviewed, verified, and approved by Plaintiff. No portion of this filing was submitted without human review, and Plaintiff accepts full responsibility for the content of this document.

*[Signature]*

Sylvester M. Sylvan, Jr.

Plaintiff, pro se

7969 Shady Oak Trail

Charlotte, NC 28210

(202) 486-4138

Email: Sylvestersylvan@yahoo.com