IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00889-KDB-DCK

| | |
|---|---|
| SYLVESTER M. SYLVAN JR.,<br><br>**Plaintiff,**<br><br>v.<br><br>QUAIL RUN ON SHARON HOMEOWNERS ASSOCIATION, INC.; CEDAR MANAGEMENT GROUP, LLC; THOMAS J. THURMAN; JIXIAN MU; THURMAN, WILSON, BOUTWELL & GALVIN, P.A.; AND ROLANDO VELASQUEZ,<br><br>**Defendants.** | <u>**MEMORANDUM AND ORDER**</u> |

**THIS MATTER** is before the Court on Defendants Thomas Thurman and Thurman, Wilson, Boutwell & Galvin, P.A.'s (together, "Thurman") Motion to Dismiss (Doc. No. 34) and the Court's own motion with respect to the federal law claims against the other Defendants.[1] The Court has carefully considered this motion, the parties' briefs and exhibits and the entire record in this action. For the reasons discussed below, the Court will **GRANT** Thurman's motion and dismiss the federal claims in this action against all Defendants. The Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims, which will be dismissed without

---

[1] In the Amended Answer, the remaining Defendants asserted as a defense that Plaintiff's claims fail to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); however, they made that motion under Local Rule 7.1(c)(1), which preserves rather than presents the issue to the Court for immediate review (but doesn't preclude the Court from considering the substance of the motion, if otherwise appropriate). *See* Doc. No. 40 at 1.

1

prejudice so that this intensely local HOA dispute can be resolved in the state courts of North Carolina, if Plaintiff chooses to pursue it further.

## I. LEGAL STANDARD

Although Plaintiff is not proceeding *in forma pauperis*, every filing in this Court is subject to review pursuant to the inherent authority of this Court to confirm that this Court has subject matter jurisdiction, the plaintiff has standing and the case is not frivolous. *See* Fed.R.Civ.P. 12(h)(3); *Aalaam v. Graham*, No. 5:24-CV-00226-KDB-SCR, 2024 WL 4536478, at *1 (W.D.N.C. Oct. 21, 2024); *Ferguson v. Wooton*, 741 F. App'x 955 (4th Cir. 2018) (collecting cases and explaining that "[f]rivolous complaints are subject to dismissal pursuant to the district court's inherent authority, even when the plaintiff has paid the filing fee"). Pursuant to Federal Rule of Civil Procedure Rule 12(h)(3), the Court may *sua sponte* consider the issue of subject matter jurisdiction at any time. Where the Court determines "that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Foy v. State Farm Mut. Ins. Co.*, No. 320CV00261KDBDCK, 2022 WL 135917, at *1 (W.D.N.C. Jan. 14, 2022); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("[t]he objection that a federal court lacks subject-matter jurisdiction [ ] may be raised by a party, or by a court on its own initiative, at any stage in the litigation"). Federal Courts' subject matter jurisdiction is "limited and [a court] may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Thurman moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). In sum, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Further, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). Further, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684

3

(2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff Sylvester Sylvan lives in the Quail Run on Sharon neighborhood in Mecklenburg County, North Carolina. (Doc. No. 1 ¶ 7). He alleges that, beginning in December 2022, "special assessments," increased dues and an "emergency assessment" were improperly imposed and other homeowners by the Defendant Quail Run on Sharon Homeowner's Association, Inc. (the "HOA"). (*Id*. at ¶¶ 15-20). Also, he complains that the HOA refused to fully comply with his records requests for HOA minutes, accounting data and other documents. (*Id*. at ¶¶ 18, 23-25).

Plaintiff filed this action in November 2025, against the HOA; Jixian "Joyce" Mu ("Mu"), a volunteer director of the HOA; Cedar Management Group, LLC, ("Cedar"), the Association's property management company; Rolando Velasquez, the Association's property manager ("Velasquez"); the HOA's attorney, Thomas Thurman; and Thurman's law firm. (*Id*. at ¶¶ 8-13). He asserts four federal and one state causes of action, including an alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1962(c)), an alleged RICO conspiracy (18 U.S.C. § 1962(d)), violation of 42 U.S.C. § 1983 and Misprision of Felony (18 U.S.C. § 4) and a claim for Unfair and Deceptive Trade Practices pursuant to N.C.G.S. § 75-1.1. (*Id*. at ¶¶ 34-60). Thurman has moved to dismiss all of Plaintiff's claims. (Doc. No. 34). The remaining Defendants have filed an Amended Answer to the Complaint, denying Plaintiff's claims of wrongdoing as failing to state a valid claim. (*See* Doc. No. 40).

## III. DISCUSSION

Most simply put, whatever the merits of Plaintiff's complaints against his HOA, this action does not belong in federal court. The HOA, its volunteer leader, management company and

4

attorney are not a "RICO enterprise," nor has Plaintiff sufficiently alleged unlawful racketeering. Rather, at most, he has alleged that the HOA was not authorized to impose the assessments and dues increase he challenges and should have provided more documents to him under North Carolina law. Also, neither of the other federal statutes he claims have been violated are applicable to his claims. None of the Defendants are state actors, so 42 U.S.C. § 1983 does not apply, and there is no private right to assert a violation of the Misprision of Felony statute in a civil action. Accordingly, all of Plaintiff's federal claims must be dismissed as to all the Defendants. Further, with all the federal claims dismissed, the basis of the Court's "federal question" subject matter is removed, and the Court will decline supplemental jurisdiction over the remaining state law cause of action.

   A.   **RICO**

In Counts I and II, Plaintiff alleges Defendants committed various violations of the federal RICO statute, 18 U.S.C. §§ 1962(c) and 1962(d). Doc. No. 1 ¶¶ 34-44. RICO imposes civil liability on "any person" "employed by or associated with [a RICO] enterprise" who "conducts or participates in the conduct of its affairs 'through a pattern of racketeering activity.'" *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 232-33 (1989). Congress enacted the Organized Crime Control Act of 1970 to "seek eradication of organized crime in the United States." Pub. L. No. 91-452, § 1. The RICO law authorizes both civil and criminal enforcement of alleged violations. 18 U.S.C. §§ 1963, 1964.

Although federal courts "read the terms of the statute 'liberally' in order to 'effectuate its remedial purposes.'" *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting *Boyle v. United States*, 556 U.S. 938, 944 (2009)), the Court, "must also exercise caution to ensure that RICO's extraordinary remedy does not threaten the ordinary run of commercial

5

transactions" and to prevent "treble damage suits [from being] brought against isolated offenders for their harassment and settlement value[.]" *Id.* (internal quotation marks and citations omitted).

Again, to recover civil damages under RICO, a plaintiff must establish: "(1) conduct [causing injury to business or property]; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." *Brown v. Registrar of Deeds for Cleveland Cnty.*, No. 1:24-CV-00283-MR-WCM, 2024 WL 4896698, at *4 (W.D.N.C. Nov. 26, 2024), *aff'd*, No. 25-1267, 2025 WL 2506094 (4th Cir. Sept. 2, 2025) (quoting *Whitney, Bradley & Brown, Inc. v. Kammermann*, 436 F. App'x 257, 258 (4th Cir. 2011)) (citation omitted). The "enterprise" element requires allegations of two distinct entities: a "person" and "an enterprise" through which the person acts. *Id.* (quoting *Gilchrist v. Cook*, No. 7:07-0508-HFF-WMC, 2007 WL 950386, at *3 (D.S.C. Mar. 26, 2007)). A "pattern of racketeering activity" requires at least two predicate acts; *see* 18 U.S.C. § 1961(5), and "racketeering activity" includes enumerated federal crimes such as murder, kidnapping, robbery, bribery, extortion, and drug trafficking. *See* § 1961(1).

To state a civil RICO claim, a plaintiff must also allege continuity sufficient to distinguish racketeering activity from "garden variety commercial disputes." *Brown*, 2024 WL 4896698, at *4 (quoting *Cook*, 2007 WL 950386, at *3) (citation omitted). Even construing Plaintiff's pro se Complaint liberally, he has failed to allege facts, as distinguished from conclusory legal labels, that plausibly the existence of separate "persons" and a distinct enterprise, the requisite continuity, or any predicate acts that would establish a pattern of racketeering activity. "Mere conclusory language that Defendants" and supposed enterprise participants "operated as a RICO enterprise fails to satisfy the requirements of Rule 12(b)(6)." *Nunes v. Fusion GPS*, 531 F. Supp. 3d 993, 1005–08 (E.D. Va. 2021); *see also Grant v. Shapiro & Burson, LLP*, 871 F. Supp. 2d 462, 473 (D. Md. 2012) (observing that naked assertions devoid of further factual enhancement need not be

credited when evaluating the sufficiency of enterprise allegations on a motion to dismiss). Indeed, Plaintiff's allegations fall far short of the statutory requirements; if they did not, then every HOA and its volunteer members and agents would become potentially subject to civil RICO liability for each homeowner complaint about an assessment or dues increase. Accordingly, the RICO claim will be dismissed.

B. **42 U.S.C. § 1983**

Count III of Plaintiff's Complaint alleges that Defendants' conduct violated 42 U.S.C. § 1983 ("Section 1983"). To state a constitutional claim pursuant to Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff fails to allege any facts to indicate that the supposed constitutional violation was committed by a person acting under color of state law.

"[T]o be sued under § 1983, a defendant must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that [it] engaged in the state's actions." *Cox v. Duke Energy, Inc.*, 876 F.3d 625, 632 (4th Cir. 2017) (internal citation omitted). Plaintiff has alleged no facts to indicate that Defendants, which are all private individuals or entities, are state actors or engaged in state action. Private parties and entities are not state actors and are not amenable to suit under § 1983, and Plaintiff has cited no authority that an HOA's exercise of its typical fine or lien authority constitutes state action. *See Lugar v Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982); *Levine v. Stein*, 560 F.2d 1175 (4th Cir. 1977) (holding that statutory foreclosure sales did not create sufficient "state action" to buttress a 14th amendment claim). Thus, Plaintiff's claims under § 1983 will also be dismissed.

7

C.     **Misprision of Felony**

Plaintiff's final federal cause of action alleges that Defendants violated the Misprision of Felony statute, 18 U.S.C. § 4, which makes it unlawful to know about the commission of a felony and fail to report it. However, as Plaintiff acknowledges in his response, "misprision of felony cannot stand as an independent civil cause of action." Doc. No. 37 at 6. Therefore, Plaintiff's misprision of felony claim will be dismissed.

D.     **State Law Claims**

In addition to his federal claims, Plaintiff asserts state law claims under North Carolina's Unfair and Deceptive Trade Practices Act. The Court need not address the merits of these claims. In the absence of a viable federal claim, the federal question jurisdiction under which this action was filed is lacking and the court may decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *Mann v. Power Home Solar, LLC*, No. 521CV00166KDBDSC, 2022 WL 602196, at *2 (W.D.N.C. Feb. 28, 2022). In the exercise of its discretion, the Court will decline any further consideration of Plaintiff's state law claims, leaving the merits of those claims to potentially be determined in state court. Accordingly, this matter will be dismissed as to all of Plaintiff's federal claims against all Defendants and dismissed without prejudice as to Plaintiff's state law claims.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants Thomas Thurman and Thurman, Wilson, Boutwell & Galvin, P.A.'s Motion to Dismiss (Doc. No. 34) is **GRANTED** as to each of Plaintiff's federal causes of action;

2. Plaintiff's federal causes of action are **DISMISSED** as to the remaining Defendants;

3. Plaintiff's state law cause of action is **DISMISSED** without prejudice against all Defendants; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 12, 2026

Kenneth D. Bell
United States District Judge